# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| V. | |
| Antonio Sosa MAGANA | DOCKET NUMBER:<br>1:24-mj-00009-BAM |

I, Kyle Smith, Law Enforcement Park Ranger, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In Yosemite National Park, in the Eastern District of California, Antonio Sosa MAGANA did or was:

**Count 1:** Present in a park area while under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources in violation of Title 36 Code of Federal Regulations § 2.35(c)
**Maximum penalty: 6 months imprisonment, 5 years probation, and/or $5,000 fine**

**Count 2:** Trespassing, entering or remaining in or upon property or real property not open to the public, except with the express invitation or consent of the person having lawful control of the property or real property in violation of Title 36 Code of Federal Regulations § 2.31(a)(1)
**Maximum penalty: 6 months imprisonment, 5 years probation, and/or $5,000 fine**

**Count 3:** Threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in an official duty, or on account of the performance of an official duty in violation of Title 36 Code of Federal Regulations § 2.32(a)(1)
**Maximum penalty: 6 months imprisonment, 5 years probation, and/or $5,000 fine**

I further state I am a commissioned Law Enforcement Officer with the National Park Service. I have been a commissioned officer for more than 4 years with the National Park Service and I have attended the Federal Law Enforcement Training Center's Land Management Basic Police Training. In addition, I am a National Registered Paramedic and have extensive experience interacting with intoxicated persons in a medical setting as well as while working in a law enforcement capacity. This complaint is based on the following facts and information observed by me and or provided to me by other National Park Service Law Enforcement Rangers.

At approximately 11:50pm on January 28th, 2024, while on patrol in a marked vehicle and full uniform within the exclusive federal jurisdiction of Yosemite National Park, I received a radio

Speedy Trial Act Applies: **No**                                                              U.S. v. Magana
                                                                                              Criminal Complaint

call from my dispatch alerting me to a report of an intoxicated subject, not wearing a shirt, in the Yosemite Valley Lodge Kitchen. The incident had been called in by employees of the concession company Aramark, which operates the Lodge.

I arrived on scene and met with Mike Morris, an Aramark employee tasked with security for the company and their housing. He stated that he had been called to the scene by his employees and that the subject, later identified as Antonio Sosa MAGANA from his California identification card, was "passed out" in the Garden Terrace section of the Lodge. Morris stated that multiple members of the kitchen and cleaning staff had interacted with MAGANA telling him that he couldn't be back in the kitchen without and shirt on and that he needed to leave. The restaurant section of the Lodge was only open to customers during business hours and this incident occurred after the restaurant was closed. The kitchen and operations section of the Lodge was never open to the public.

In addition, Morris stated that a screen cover for a window in the kitchen had been vandalized in what appeared to be an attempt to either enter or leave the kitchen. The metal frame surrounding the screen was bent and misshapen. This was first observed after the initial interactions with MAGANA. Morris stated that employees reported that MAGANA had put his arm around various employees in the kitchen area and that at one point one of them had found MAGANA in the mop closet.

I followed Morris to the location and observed an adult male without a shirt, sitting in a chair with his upper body draped over a table. MAGANA had his pants partially pulled down his thighs. I immediately checked for the subjects' breathing and level of responsiveness by placing my hand on his shoulder and loudly asking him if he was ok while shaking him. MAGANA was rousable after one or two attempts at this.

I waited for another Ranger to arrive on scene before interacting with MAGANA further. USPR Vollmer and USPR Healy arrived and I woke MAGANA up completely and began to ask him what was going on. MAGANA's entire body smelled strongly of alcoholic beverage. He was confused as to why he was interacting with the police. MAGANA stated that he had taken the train to Yosemite and was going to take the train to Hawaii next. He stated that he had consumed alcohol however he would not elaborate how much or when.

MAGANA was unstable on his feet, was stumbling when he walked and would sway side to side when he stood up. His eyes were glassy and bloodshot, and his chin would drop down to his chest even while standing. The odor of alcoholic beverage was also strongly emanating from his breath. Based on my training and experience, these were signs of alcohol intoxication.

The bottom of his pant legs were wet from being dragged through some sort of water or snow. MAGANA had no shirt, no jacket and no warm layers with him. The weather at Midnight on this day was reportedly 44 degrees Fahrenheit and it routinely gets well below freezing this time of

year. Based on my training and experience with intoxicated people in Yosemite, I was concerned specifically for his safety and ability to take care of himself.

MAGANA was placed in handcuffs and frisked for weapons. While removing potential weapons from his person, a black walkie-talkie was discovered in his pocket. The walkie-talkie matched the type and style of the walkie-talkies used by the lodge kitchen and restaurant staff to communicate.

MAGANA was arrested, searched incident to arrest and placed in a belly-chain for transport. While placing MAGANA inside a patrol vehicle equipped with a cage for prisoner transport, MAGANA stiffened up and became uncooperative. Ranger Healy was on the driver's side of the patrol vehicle, assisting putting MAGANA into a seat belt when MAGANA grabbed Ranger Healy's right, squeezed it tightly and then began to pull it toward his mouth in an apparent attempt to bite Ranger Healy's hand. Ranger Healy told MAGANA to let go and struck MAGANA in the head twice with his left hand. MAGANA then released Ranger Healy's hand and then yelled profanities at all the Rangers present.

After Rangers began to transport MAGANA to jail, I conducted follow-up interviews with witnesses. Nicholas Leyva was working in the kitchen and observed MAGANA in the kitchen multiple times without his shirt on. Leyva told MAGANA that he couldn't be there. Leyva stated that "it was apparent that [MAGANA] was under the influence of something."

Jerome Washington was also working in the kitchen; he stated that MAGANA came into the kitchen and put his arm around him while Washington was trying to work. Washington told MAGANA that he couldn't be in the kitchen.

During my conversations with MAGANA he stated that he was camping in Camp 4 site 58 in Yosemite Valley. This area is directly across the street from the back loading dock area of the Lodge where the kitchen is located. I went to this site and observed a 375ml bottle of alcoholic beverage labeled as "On the Rocks. Premium Cocktails" sitting on the picnic table next to his open tent. The top to the bottle was sitting next to the bottle. There was less that 10ml of brown alcoholic smelling liquid left in the bottle. The label indicated that the beverage was 35% alcohol/volume and "70 proof." I seized the nearly empty bottle as it was both evidence of the crime as well as litter and a food storage violation.

I declare under penalty of perjury the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

01/29/2024
Date

/Kyle Smith
Law Enforcement Park Ranger
Yosemite National Park, CA

Speedy Trial Act Applies: **No**

U.S. v. Magana
Criminal Complaint

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 before me this ____ day of (Month, Year) in Fresno, California.

1/29/24
_____
Date

*B. McAuliffe*
_____
BARBARA A. MCAULIFFE
UNITED STATES MAGISTRATE JUDGE

Re: Antonio Sosa Magana

Speedy Trial Act Applies: **No**

U.S. v. Magana
Criminal Complaint